# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 20, 2007

Charles R. Fulbruge III
Clerk

No. 06-11346
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

WALLY LUPE COBOS

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3: 05-CR-314-1

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Wally Lupe Cobos appeals his guilty-plea conviction for conspiracy to possess with intent to distribute more than 500 grams of methamphetamine and more than five kilograms of cocaine. Cobos argues that the sentence appeal waiver in his plea agreement was not made knowingly and voluntarily, and he therefore requests that the waiver be stricken and he be allowed to appeal his sentence without limitation.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A defendant may waive his statutory right to appeal provided (1) his waiver is knowing and voluntary and (2) the waiver applies to the circumstances at hand, based on the plain language of the agreement. United States v. Palmer, 456 F.3d 484, 488 (5th Cir. 2006). This court construes a plea agreement, including appeal waivers, using principles of contract interpretation. Id. Given the significance of the rights involved, appeal waivers are construed narrowly and against the Government. Id.

Cobos argues that the appeal waiver was not made knowingly and voluntarily because both he and the Government were mistaken about whether he would be subject to the career offender enhancement. Cobos asserts that the parties shared a misunderstanding about whether his 1988 conviction for possession with intent to distribute cocaine was too remote to be counted under the career offender guideline and, therefore, the parties were laboring under a "mutual mistake" that went to the basic assumption of the agreement. However, the plea agreement and the plea colloquy unambiguously established that Cobos understood at the time of his plea that the district court had sole discretion to determine his sentence. The sentence and the appropriate guideline range therefore were not essential terms of the plea agreement. The purpose of the agreement was to establish Cobos's culpability, not to ascertain his sentence, so any misunderstanding about his eligibility for the career offender enhancement was irrelevant. See generally Horner v. Bourland, 724 F.2d 1142, 1145 (5th Cir. 1984); see also United States v. Gaitan, 954 F.2d 1005, 1011-12 (5th Cir. 1992).

Cobos additionally alleges that the sentence appeal waiver should be invalidated because the Government failed to offer sufficient consideration in exchange for the waiver of his appellate rights. However, under the plea agreement, the Government agreed not to bring any additional charges against Cobos related to the offense of conviction and promised to dismiss any remaining charges from the original or superseding indictment. Additionally, the Government agreed to file a motion urging the court to consider a reduction of

Cobos's sentence if the Government concluded that Cobos had provided substantial assistance in the investigation or prosecution of others. Furthermore, as a consequence of executing the plea agreement, Cobos was awarded a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. Thus, Cobos received consideration in return for his guilty plea and the waiver of his appellate rights. See, e.g., United States v. Fields, 906 F.2d 139, 141-42 (5th Cir. 1990); Smith v. Estelle, 562 F.2d 1006, 1008 (5th Cir. 1977).

Cobos alternatively argues that he did not knowingly enter into the plea agreement because his defense attorney unilaterally labored under the mistaken belief that the career offender enhancement was not applicable. Cobos asserts that this unilateral mistake resulted in Cobos having a good faith belief that he was excepted from the career offender provision. However, Cobos has not shown that his consent to the plea agreement was induced by a clear and unequivocal guarantee of a lesser sentence. See Daniel v. Cockrell, 283 F.3d 697, 703 (5th Cir. 2002), abrogation on other grounds recognized by United States v. Grammas, 376 F.3d 433, 437-38 (5th Cir. 2004). The plea agreement did not contain any specific sentencing guarantees, and Cobos was informed that the district court possessed ultimate discretion to determine his sentence. Although Cobos and his attorney may have been surprised that the career offender provision applied, their erroneous sentencing expectations do not render involuntary Cobos's assent to the plea agreement. See United States v. Gracia, 983 F.2d 625, 629 (5th Cir. 1993); Daniel, 283 F.3d at 703.

Cobos further asserts that the court should invalidate the appeal waiver because the waiver provision is both substantively and procedurally unconscionable. According to Cobos, the plea agreement should not be enforced because there was a substantial disparity in the bargaining power between him and the Government and the terms of the waiver provision are oppressive and overly harsh. Cobos has not shown that the appeal waiver rendered his plea

agreement an unconscionable contract of adhesion. A review of the plea agreement reveals no unconscionable terms. This court has routinely permitted appeal waivers identical to those in the instant case. See, e.g.; United States v. Bond, 414 F.3d 542, 543-44 (5th Cir. 2005); United States v. Burns, 433 F.3d 442, 443-44 (5th Cir. 2005). Furthermore, the record confirms that Cobos's waiver was knowing and voluntary. See United States v. Portillo, 18 F.3d 290, 292-93 (5th Cir. 1994).

The judgment of the district court is AFFIRMED.