# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 8, 2011

No. 10-40848
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MANUEL MEDINA LOPEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:10-CR-202-1

Before JONES, Chief Judge, and SMITH and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Manuel Medina Lopez pleaded guilty to attempted illegal reentry following deportation after conviction of a felony, in violation of 8 U.S.C. 1326(a), (b)(1). The district court sentenced Medina to 30 months in prison, which was the term at the bottom of the advisory guidelines range of imprisonment. Medina's sentence reflected a 16-level increase in his offense level because of his previous Florida conviction for aggravated assault, which the district court found to be a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

crime of violence.  On appeal, Medina argues that the district court erred in concluding that his aggravated assault conviction constituted a crime of violence.

The Government urges us to dismiss Medina's appeal, arguing that the appeal is barred by the appeal waiver provision in Medina's written plea agreement.  Pursuant to the plea agreement, Medina waived his right to appeal the sentence imposed or the manner in which it was determined on any ground set forth in 18 U.S.C. 3742.  Although Medina acknowledges the appeal waiver provision in his plea agreement, he contends that he reserved his right to challenge the district court's characterization of his aggravated assault conviction.

We review the validity of an appeal waiver de novo.  *United States v. Baymon*, 312 F.3d 725, 727 (5th Cir. 2002).  A defendant may waive his statutory right to appeal as part of a valid plea agreement if (1) the waiver is knowing and voluntary, a factor Medina does not challenge, and (2) the waiver "applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).  In determining whether an appeal waiver applies, we employ  normal principles of contract interpretation, construing waivers narrowly and against the Government.  *United States v. Palmer*, 456 F.3d 484, 488 (5th Cir. 2006).  While "any ambiguity must be construed in favor of the defendant's right to appeal," *United States v. Harris*, 434 F.3d 767, 770 (5th Cir.2005), we will not read ambiguity into an agreement in which none readily manifests itself, *Bond*, 414 F.3d at 545.

The record reflects that Medina's plea agreement contains a factual summary indicating that Medina was deported "after having been convicted of the aggravated felony of Aggravated Assault."  In response to that statement, defense counsel included a handwritten notation on the plea agreement that Medina "reserve[d] the right to dispute the characterization of 'Aggravated Felony' at sentencing."  During Medina's rearraignment, the magistrate judge summarized the reservation as follows: "You will reserve your right to dispute

the characterization of this as an aggravated felony at time of sentencing." Medina did not object to the magistrate judge's statement. Medina's reservation failed to alter the plain language of the waiver. Instead, it merely clarified that he intended to challenge at sentencing the characterization of his aggravated assault conviction as an aggravated felony. *See Bond*, 414 F.3d at 544-45; *Palmer*, 456 F.3d at 488. Because Medina's appeal is barred by the appeal waiver, we do not address the merits of Medina's argument. *See United States v. Sanchez Guerrero*, 546 F.3d 328, 335 (5th Cir. 2008).

AFFIRMED.