# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 12-40629

————

United States Court of Appeals
Fifth Circuit

**FILED**

January 31, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DELFINO RODRIGUEZ-ESTRADA,

Defendant-Appellant.

————

Appeal from the United States District Court
for the Southern District of Texas

————

Before STEWART, Chief Judge, and JOLLY and SMITH, Circuit Judges.

CARL E. STEWART, Chief Judge:

Defendant-Appellant Delfino Rodriguez-Estrada ("Rodriguez") pleaded guilty to being found in the United States after deportation. The plea agreement contained a waiver provision, whereby Rodriguez agreed to waive his right to appeal. On appeal, Rodriguez challenges the district court's imposition of a sixteen-level enhancement to his sentence pursuant to U.S. Sentencing Guideline ("U.S.S.G.") § 2L1.2(b)(1)(A)(ii). He contends that this issue does not fall within the purview of the appeal waiver and, therefore, may be raised on appeal. Because we hold that this issue is encompassed within Rodriguez's appeal waiver, his appeal is DISMISSED.

No. 12-40629

## I.

Rodriguez was charged and eventually pleaded guilty to being found in the United States after deportation, a violation of 8 U.S.C. § 1326(a)–(b).  In the plea agreement, Rodriguez agreed to waive his right to appeal.

The plea agreement read, in pertinent part:

> The defendant agrees to waive the right to appeal the sentence imposed or the manner in which it was determined **on any grounds set forth in Title 18 U.S.C. § 3742**. . . . The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding, **including but not limited to Title 28, U.S.C. § 2255**.

In the presentence report ("PSR"), Rodriguez was assigned a base offense level of eight.  In addition, Rodriguez was assessed a sixteen-level increase under § 2L1.2(b)(1)(A)(ii) for a previous conviction—a 2009 conviction in New Jersey for aggravated assault.  He also received a three-level reduction for acceptance of responsibility, resulting in a total offense level of twenty-one.  Because he had a criminal history category of III, he had a sentencing guideline range of forty-six to fifty-seven months.  While the PSR described the New Jersey conviction as a crime of violence, Rodriguez contested that characterization and the corresponding sixteen-level enhancement.

During the rearraignment, the magistrate judge ("MJ") reviewed the plea agreement with Rodriguez.  Rodriguez testified that he understood the agreement and that his attorney had read and explained the agreement to him.  However, the MJ incorrectly informed Rodriguez that, while he was waiving his right to appeal his conviction and sentence, he retained the right to assert an ineffective assistance of counsel claim and a prosecutorial misconduct claim.  Rodriguez responded that he understood the plea agreement.  Following the prosecutor's statement of the factual basis for the plea, Rodriguez stated that he wished to reserve his right to object to the characterization of his New

No. 12-40629

Jersey conviction as a crime of violence. The MJ responded that Rodriguez reserved that right.

During his sentencing hearing, Rodriguez again asserted his argument that the New Jersey conviction was not a crime of violence, but the district court overruled his objection and found that the conviction was a crime of violence. Pursuant to the plea agreement, the Government moved for a two-level downward departure, which the district court granted. Rodriguez's total offense level changed to nineteen with a guideline range of thirty-seven to forty-six months. The district court sentenced Rodriguez to thirty-seven months in prison. The district court acknowledged that it chose to impose the thirty-seven month sentence because Rodriguez gave up his right to appeal in the plea agreement. In accordance with the plea agreement, the Government recommended a sentence at the low end of the range. The district court further stated that, in light of Rodriguez's past arrests, it might have sentenced Rodriguez at the high end of the guidelines range if not for the plea agreement. Rodriguez timely appealed.[1]

Rodriguez challenges the sixteen-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) imposed by the district court. Additionally, he contends that neither he nor the government intended to include the characterization of his prior New Jersey conviction within the purview of the appeal waiver. Therefore, he argues that his appeal is not barred. Before we address Rodriguez's challenge to his sentence, we must first determine whether he waived his right to appeal this issue.

---

[1] In response, the Government filed a motion to dismiss Rodriguez's appeal because he waived his right to appeal. A panel of this court denied the motion to dismiss, reasoning that it was possible that the waiver was not knowing and voluntary because the MJ mischaracterized the appeal waiver at the rearraignment.

No. 12-40629

## II.

The validity of a party's waiver of appeal is reviewed de novo. *United States v. Burns*, 433 F.3d 442, 445 (5th Cir. 2005). "A defendant may waive his statutory right to appeal as part of a valid plea agreement, provided (1) his or her waiver is knowing and voluntary, and (2) the waiver applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Scallon*, 683 F.3d 680, 682 (5th Cir. 2012) (internal quotation marks and citation omitted) (per curiam).

When determining the proper scope of a waiver, courts utilize "ordinary principles of contract interpretation." *United States v. Cooley*, 590 F.3d 293, 296 (5th Cir. 2009). Although waivers are "interpreted narrowly against the government," *id.*, courts "will not read ambiguity into an agreement in which none readily manifests itself." *United States v. Lopez*, 427 F. App'x 402, 403 (5th Cir. 2011) (per curiam) (unpublished) (citing *United States v. Bond*, 414 F.3d 542, 545 (5th Cir. 2005)). Thus, "[i]n the absence of evidence that the parties to the agreement intended [] a specialized, non-natural definition, we apply the term's usual and ordinary meaning." *United States v. Jacobs*, 635 F.3d 778, 781 (5th Cir. 2011) (per curiam) (internal quotation marks and citation omitted) (second alteration in original). Rodriguez does not allege that his appeal waiver was unknowing and involuntary. Therefore, we proceed to address whether his waiver encompasses the proper characterization of his prior New Jersey conviction.

## III.

The appeal waiver explicitly and unambiguously encompassed "the right to appeal the sentence imposed or the manner in which it was determined **on any grounds set forth in Title 18 U.S.C. § 3742**." Applying the ordinary meaning of the language used in the waiver, the waiver expressly covers Rodriguez's right to challenge the New Jersey conviction. As evidence that the

No. 12-40629

issue on appeal does not fall within the appeal waiver, Rodriguez relies on the MJ's statement during the rearraignment that Rodriguez retained the right to object to the characterization of his prior New Jersey conviction. However, this statement was made during the recitation of the factual basis for Rodriguez's plea.[2] While the MJ's statement permitted Rodriguez to raise this objection during sentencing, it did not carve out an exception to the appeal waiver. During the rearraignment, Rodriguez acknowledged that he read and understood the plea agreement, which, as noted above, explicitly encompasses the characterization of his prior New Jersey conviction.[3] Accordingly, we hold that the characterization of Rodriguez's New Jersey conviction falls within the scope of his appeal waiver. Therefore, Rodriguez has waived his right to raise this issue on appeal, and we need not address Rodriguez's challenge regarding his sentence.

## IV.

Because Rodriguez waived his right to appeal his sentence, his appeal is DISMISSED.

---

[2] The Court:    Are those the facts, Mr. Young?

Mr. Young:    Your Honor, they are, with the exception we reserve our right to object to the characterization of his New Jersey conviction as an aggravated felony or crime of violence. It appears it might be a statute that has a []reckless standard and also could have been a sentence that wouldn't qualify as a felony, but we'll handle that - -

The Court:    You will reserve your right.

Mr. Young:    Thank you.

[3] Although the MJ incorrectly stated that Rodriguez retained the right to assert ineffective assistance of counsel and prosecutorial misconduct claims, there was no suggestion that Rodriguez retained the right to challenge the characterization of his New Jersey conviction on appeal.

5