# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-41156
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 14, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROGELIO MATA-RAMIREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:12-CR-234-2

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Rogelio Mata-Ramirez (Mata) pleaded guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A). In his written plea agreement, Mata waived his right to appeal his conviction or sentence, reserving only his right to appeal a sentence imposed above the statutory maximum or an upward departure from the Sentencing Guidelines that was not requested by the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-41156

Government. The district court sentenced Mata to 188 months in prison, which was at the top of his advisory guidelines range.

Mata now challenges his sentence on appeal, arguing that the district court failed to consider the sentencing factors in 18 U.S.C. § 3553(a). He acknowledges that his argument is barred by the appeal waiver in his plea agreement. He nevertheless argues that the appeal waiver is unknowing and involuntary because his sentence had not yet been imposed when he waived his right to appeal his sentence. He concedes that this argument is foreclosed by circuit precedent, but he asks this court to overturn this precedent. The Government has filed a motion for summary dismissal, arguing that Mata's appeal is barred by the appeal waiver. The Government alternatively seeks an extension of time in which to file a merits brief.

This court reviews the validity of an appeal waiver de novo. *United States v. Melancon*, 972 F.2d 566, 567 (5th Cir. 1992). The record reflects that Mata knowingly and voluntarily agreed to the appeal waiver, making the appeal waiver enforceable. *See United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994). Because Mata's challenge to his sentence does not fall within the exceptions to the appeal waiver, his appeal is barred by the waiver. *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). As Mata concedes, this court has rejected his argument that a defendant cannot knowingly and voluntarily waive his right to appeal a sentence prior to the sentence being imposed, and this court has held that "the uncertainty of Appellant's sentence does not render his waiver uninformed." *Melancon*, 972 F.2d at 567-68. While Mata asserts that we should reconsider the holding in *Melancon*, we may not overrule the decision of another panel absent a superseding en banc or Supreme Court decision. *United States v. Vargas-Ocampo*, 2014 U.S. App. LEXIS 5575 *1 n.1 (5th Cir. Mar. 26, 2014)(en banc).

No. 12-41156

Accordingly, the Government's motion for summary dismissal is GRANTED, and the appeal is DISMISSED.  The Government's alternative motion to extend the time to file its brief is DENIED.