# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40357
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 19, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAIME RAMON GARCIA LOZANO-ALCORTA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:12-CR-1092

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:*

Pursuant to a plea agreement, Jaime Ramon Garcia Lozano-Alcorta pleaded guilty to one count of possession with intent to distribute five kilograms or more of cocaine. As part of the plea agreement, Lozano-Alcorta agreed to waive his "right to appeal the conviction, the sentence imposed or the manner in which the sentence was determined." The district court sentenced him to 80 months of imprisonment and five years of supervised release.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40357

Lozano-Alcorta has filed a timely notice of appeal and contends that the district court erred regarding his sentence by refusing to grant a downward departure based on prospective amendments to the drug quantity tables in U.S.S.G. § 2D1.1.  According to Lozano-Alcorta, the appeal waiver in his plea agreement is invalid because he could not have knowingly waived the right to appeal a sentence that had not yet been imposed.  The Government seeks dismissal of the appeal based on the appeal waiver.

The validity of an appeal waiver is reviewed de novo.  *United States v. Rodriguez-Estrada*, 741 F.3d 648, 650 (5th Cir. 2014).  For a defendant's waiver of his right to appeal to be knowing and voluntary, the "defendant must know that he had a right to appeal his sentence and that he was giving up that right." *United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994) (internal quotation marks and citation omitted).  Lozano-Alcorta's challenge to his appeal waiver is unavailing.  *See United States v. Melancon*, 972 F.2d 566, 567-68 (5th Cir. 1992).  The waiver is enforceable and encompasses Lozano-Alcorta's challenge to his sentence.

Accordingly, the appeal is DISMISSED.