# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60347
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 15, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HOSEA BLACKSTON,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:14-CR-77

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Hosea Blackston appeals the 480-month within-guidelines sentence imposed following his guilty plea to possession of methamphetamine with intent to distribute. He contends that the district court committed numerous calculation errors under the Sentencing Guidelines and that his sentence is unreasonably long in light of the facts of the case. The Government moves to dismiss the appeal based on the appellate waiver contained in Blackston's plea agreement or, in the alternative, for summary affirmance. Blackston opposes

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the Government's motion, arguing that the waiver should not be enforced.  We agree with the Government and dismiss the appeal.

Our review of the relevant portion of the record—which includes the written plea agreement, the plea agreement supplement, and the transcripts of the plea hearing and sentencing—demonstrates Blackston's clear understanding that he had the right to appeal and that he was giving up that right by pleading guilty.  *See United States v. McKinney*, 406 F.3d 744, 746 n.2 (5th Cir. 2005).  At no time did Blackston betray any hesitation or equivocation regarding his understanding of, or accession to, the terms of the appeal waiver.  We are thus satisfied that Blackston's waiver of his appeal rights was "a voluntary, knowing, and intelligent act."  *United States v. Guerra*, 94 F.3d 989, 995 (5th Cir. 1996).  Moreover, the plain language of the waiver provision—the breadth of which Blackston does not challenge—provides that, by pleading guilty, he expressly waived the right to appeal his sentence "on any grounds whatsoever," with the sole exception of a claim of ineffective assistance of counsel, which he does not raise.  The waiver thus applies to the circumstances in this case.  *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).

Reviewing the record de novo, we hold that the appeal waiver contained in Blackston's plea agreement is enforceable as to the instant appeal.  *See United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 1174 (2015); *Bond*, 414 F.3d  at 544.  Blackston's arguments to the contrary are without merit.  *See United States v. Pino Gonzalez*, 636 F.3d 157, 160 (5th Cir. 2011); *United States v. Cobos*, 255 F. App'x 835, 837 (5th Cir. 2007); *United States v. Melancon*, 972 F.2d 566, 567-68 (5th Cir. 1992).   Because the Government seeks enforcement of the waiver, we GRANT the motion to dismiss the appeal.  *See United States v. Rodriguez-Estrada*, 741 F.3d 648, 651 (5th Cir. 2014).  We DENY the Government's motion for summary affirmance.

APPEAL DISMISSED.