# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 16-60048
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 3, 2016

Lyle W. Cayce
Clerk

————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALOIN BENITEZ-MENDOZA, also known as Sael Orsos, also known as Alver Rian Sosa, also known as Irvin Oslas, also known as Arias, also known as Irvin Ariasolsas, also known as Aloin M. Benites, also known as Ramon Benitezmendoza, also known as Alver Rian, also known as Alver Soso, also known as Alver Sosorian, also known as Bernave Mendes, also known as Eddie Rojas, also known as Alver Soso-Rian, also known as Ramon Benitez-Mendoza,

Defendant-Appellant

————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:15-CR-56-1

————

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Aloin Benitez-Mendoza appeals his 84-month sentence following his guilty plea conviction for illegal reentry. The Government moves to dismiss the appeal as barred by the appeal waiver or, in the alternative, for a summary

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

affirmance.  Benitez-Mendoza responds that his appeal waiver should not be enforced because it is invalid.

We review de novo the validity of an appeal waiver.  *United States v. Burns*, 433 F.3d 442, 445 (5th Cir. 2005).  Benitez-Mendoza's signed plea agreement and the rearraignment transcript show that he freely and knowingly pleaded guilty and waived his appellate rights.  *See United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994); *United States v. Guerra*, 94 F.3d 989, 995 (5th Cir. 1996).  Benitez-Mendoza's argument that we should not enforce the agreement because it is prospective is unavailing.  *See United States v. Melancon*, 972 F.2d 566, 567-68 (5th Cir. 1992); *United States v. Mata-Ramirez*, 562 F. App'x 234, 235 (5th Cir. 2010).  Likewise, our precedent rejects his argument that his waiver was not voluntary because of the gross disparity in bargaining power between a defendant and the Government.  *See United States v. Cobos*, 255 F. App'x 835, 837 (5th Cir. 2007); *see also United States v. Baymon*, 312 F.3d 725, 729 (5th Cir. 2002) (upholding provision waiving right to appeal on any grounds).  Last, we have no reason to grant his request that we reconsider our routine acceptance of appeal waivers.  *See Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008).

Accordingly, IT IS ORDERED that the Government's motion for dismissal is GRANTED, and the appeal is DISMISSED.  The alternative motion for summary affirmance is DENIED as unnecessary.