# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-20379
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 19, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

TADARIUS ROBINSON,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CR-99-1

Before BARKSDALE, HAYNES, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Tadarius Robinson pleaded guilty, pursuant to a plea agreement that included an appeal waiver, to aiding and abetting the using, carrying, and discharging of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 2 and 924(c)(1)(A)(iii), and to two counts of aiding and abetting the interference with commerce by robbery, in violation of 18 U.S.C. §§ 2 and 1951(a). He was sentenced to, *inter alia*, 240-months' imprisonment.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 19-20379

Robinson challenges the procedural reasonableness of his sentence, asserting the district court erred by applying an aggravating-role adjustment under Sentencing Guideline § 3B1.1(a) (four-level enhancement for "organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive"). As noted, however, his written plea agreement included a waiver of his right to appeal, or collaterally attack, his convictions or sentence, except for ineffective-assistance-of-counsel claims.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). As stated, Robinson claims only procedural error.

A defendant may "waive statutory rights, including the right to appeal", as part of a valid plea agreement. *United States v. Melancon*, 972 F.2d 566, 567–68 (5th Cir. 1992). "This court reviews *de novo* whether an appeal waiver bars an appeal." *United States v. Winchel*, 896 F.3d 387, 388 (5th Cir. 2018) (italics added) (citation omitted). In doing so, "we conduct a two-step inquiry: (1) whether the waiver was knowing and voluntary and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement". *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005) (citation omitted).

No. 19-20379

For an appeal waiver to be knowing and voluntary, "[a] defendant must know that he had a right to appeal his sentence and that he was giving up that right".  *United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994) (internal quotation marks and citation omitted).  In that regard, before accepting a plea, "the court must ensure that the defendant has a full understanding of what the plea connotes and of its consequence".  *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991) (internal quotation marks and citation omitted).

In his opening brief, Robinson contends only that the court "erroneously" applied the aggravating-role adjustment; he does not mention his appeal waiver.  But, his signed plea agreement, its addendum, and the transcript of his rearraignment hearing, taken together, support the conclusion that Robinson knowingly and voluntarily waived his right to appeal.  *See Bond*, 414 F.3d at 544 (citation omitted).  Moreover, the text of Robinson's appeal waiver applies to his procedural-reasonableness challenge.  *See id.*; *see also, e.g.*, *United States v. Rodriguez-Estrada*, 741 F.3d 648, 649 (5th Cir. 2014) (enforcing appeal waiver of defendant's sentencing-enhancement challenge).

For the first time in his reply brief, following the Government's asserting his appeal waiver barred his procedural-reasonableness challenge, Robinson contends the waiver was unknowing and involuntary to the extent it prevents him from seeking review of a then yet-to-be-determined sentence.  It goes without saying that generally our "court does not entertain arguments raised for the first time in a reply brief".  *United States v. Ramirez*, 557 F.3d 200, 203 (5th Cir. 2009) (citation omitted).  That said, we "view[] the situation differently when[, as in this instance,] a new issue is raised in the appellee's brief and the appellant responds in his reply brief" and have exercised our discretion to address an issue's merits under such circumstances.  *Id.* (citations omitted).

That exception applies here.  But, because "[a]ppellate waivers foreclose challenges to many aspects of a sentence that may be unlawful, such as improper application of sentencing enhancements or substantively unreasonable sentences", we conclude that Robinson's challenge to the aggravating-role adjustment was waived, and we will not consider it.  *United States v. Yiping Qu*, 618 F. App'x 777, 780 (5th Cir. 2015) (per curiam) (citations omitted); *see also Rodriguez-Estrada*, 741 F.3d at 649.

DISMISSED.