# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
December 11, 2020

Lyle W. Cayce
Clerk

No. 20-60369
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

EDWARD CORNEILUS BRIDGES, ALSO KNOWN AS POOH,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:18-CR-53-1

Before DAVIS, STEWART, and DENNIS, *Circuit Judges*.

PER CURIAM:[*]

Edward Corneilus Bridges appeals his 250-month sentence imposed following his guilty-plea conviction for possession with intent to distribute 500 grams or more of methamphetamine and possession of a firearm in relation to a drug trafficking crime. He raises arguments related to the district

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-60369

court's calculation of his guidelines range. The Government moves to dismiss or, alternatively, for summary affirmance based on the appeal waiver in Bridges's plea agreement. We GRANT the Government's motion to dismiss.

Bridges pleaded guilty pursuant to a written plea agreement. As part of the plea agreement, Bridges waived his right to appeal his conviction and sentence. Bridges and his attorney signed the plea agreement and a supplement to the plea agreement, which stated that Bridges had read and understood both documents, that counsel explained the agreement, and that Bridges voluntarily agreed to its terms. The district court sentenced him to a total of 250 months in prison. On appeal, Bridges challenges his sentence, arguing that it is procedurally unreasonable. The Government filed a motion to dismiss Bridges's appeal, or alternatively, for summary affirmance. The Government asserts that Bridges's waiver of his right to appeal is valid, enforceable, and applicable to the issues Bridges raises on appeal.

This court reviews the enforceability of an appeal waiver de novo. *United States v. Winchel*, 896 F.3d 387, 388 (5th Cir. 2018). A defendant may waive his statutory right to appeal as part of a valid plea agreement. *United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006). We conduct a two-step test in order to determine whether an appellant has waived their right to appeal a sentence, asking "(1) whether the waiver was knowing and voluntary and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). Under this test, Bridges has waived his appeal. Bridges does not allege, and nothing in the record suggests, that his waiver was not knowing and voluntary. The plain language of the waiver agreement, which expressly waives the right to appeal the sentence and the manner in which it was imposed, is clearly applicable to the circumstances at hand.

No. 20-60369

Bridges argues that the right to challenge a sentence should not be waivable. However, it is well-settled that a defendant may waive their right to appeal as part of a valid plea agreement. *See U.S. v. Melancon*, 972 F.2d 566, 567 (5th Cir. 1992). Bridges also argues that appeal waivers are unfair contracts of adhesion. Yet the waiver of the right to appeal, without more, does not render a plea agreement an unconscionable contract of adhesion. *See United States v. Cobos*, 255 F. App'x 835, 837 (5th Cir. 2007) (unpublished).

Accordingly, the Government's motion to dismiss the appeal is GRANTED, and its alternative motion for summary affirmance is DENIED as moot.