

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-3-2008

# USA v. Stevenson

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1332

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Stevenson" (2008). *2008 Decisions.* Paper 1071.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1071

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No.  07-1332
_____


UNITED STATES OF AMERICA


v.


WILLIAM D. STEVENSON,


Appellant


_____


On Appeal from United States District Court
for the Western District of Pennsylvania
D.C.  No. 05-cv-00327
District Judge: Honorable Terrence F. McVerry
_____

Submitted Under Third Circuit LAR 34.1(a)
May 23, 2008

Before: SMITH, HARDIMAN and NYGAARD, *Circuit Judges*.

(Filed:  June 3, 2008)
_____

OPINION OF THE COURT
_____


HARDIMAN, *Circuit Judge*.

William Stevenson appeals his sentence despite having waived his right to appeal. We will affirm.

I.

Because we write for the parties, we recount only those facts essential to our decision.

Stevenson pleaded guilty to distribution of material depicting the sexual exploitation of a minor in violation of 18 U.S.C. § 2252(a)(1) and accepted responsibility for possession of child pornography under 18 U.S.C. § 2252(a)(4)(B). In a written plea agreement, Stevenson waived his right to appeal unless: (1) the government filed an appeal; (2) the sentence exceeded the statutory maximum; or (3) the court unreasonably departed upward from the United States Sentencing Guidelines (Guidelines) range. In this appeal, Stevenson claims that the District Court exceeded the statutory maximum when it imposed the following conditions of supervised release:

> Defendant shall submit your person, residence, *place of business*, computer, and/or vehicle to a warrantless search conducted and controlled by the probation office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. The failure to submit to a search may be grounds for revocation. Defendant shall inform any other residents that the premises and computer(s) may be subject to a search pursuant to this condition.

(emphasis added).

Because Stevenson does not challenge the voluntariness of his appellate waiver, we will enforce it unless it "work[s] a miscarriage of justice." *See United States v.*

2

*Khattak*, 273 F.3d 557, 558 (3d Cir. 2001). The gravamen of Stevenson's appeal is that the District Court exceeded the statutory maximum because the United States Code does not specifically authorize the search of a supervised releasee's place of business. *See* 18 U.S.C. § 3563(b)(23). This argument is based on the fallacy that the conditions enumerated in § 3563(b)(23) are exhaustive. As 18 U.S.C. § 3583(d) makes clear, the court may impose "any other condition it considers to be appropriate." Likewise, 18 U.S.C. § 3563(b)(22) notes that the sentencing court may require the defendant to "satisfy such other conditions as [it] may impose," provided that those other conditions are reasonably related to the § 3553(a) factors.

Because we find that 18 U.S.C. §§ 3563(b)(22) and 3583(d) gave the District Court discretion to impose on Stevenson conditions of supervised release beyond those catalogued in § 3563(b)(23), we hold that the condition Stevenson challenges did not exceed the statutory maximum authorized by the United States Code. Therefore, this appeal does not elude Stevenson's appellate waiver.

We now consider whether enforcement of the appellate waiver would work a manifest injustice. *See United States v. Gwinnett*, 483 F.3d 200, 205-06 (3d Cir. 2007). We can find manifest injustice only in "unusual circumstance[s] where an error amounting to a miscarriage of justice may invalidate the waiver." *Khattak*, 273 F.3d at 562. In reviewing a sentencing error for a manifest injustice, we may consider "the clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a

3

sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result." *Id.* at 563 (citation omitted).

Our review of the record finds no manifest injustice here. Stevenson claims that the District Court abused its discretion in imposing this condition because a prospective employer is so unlikely to hire him that it amounts to "a greater deprivation of liberty than is reasonably necessary under 18 U.S.C. § 3583(d)(2)." (internal quotation marks omitted). In light of the catch-all provisions of 18 U.S.C. §§ 3563(b)(22) and 3583(d) and Stevenson's history of accessing images involving child pornography at his workplace, we cannot conclude that this sentencing condition was an abuse of discretion, let alone a "blatant error." *See Khattak*, 273 F.3d at 562.

Accordingly, we will affirm the judgment of the District Court.