# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40842
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 10, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ALEJANDRO GARZA, II,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:12-CR-1096-3

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jose Alejandro Garza, II, appeals his sentence following his guilty plea conviction on one count of harboring an illegal alien for commercial advantage or private financial gain. In accordance with his plea agreement, the remaining six counts against him were dismissed, including one count of hostage taking and one count of conspiracy to hostage take.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40842

Garza challenges the district court's assessment of the enhancements under U.S.S.G. § 2L1.1(b)(5)(B) and (b)(8)(A). He argues that those enhancements were applied unconstitutionally under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and its progeny because the enhancements increased his statutory maximum sentence and were based on facts that were not admitted by him or found by a jury beyond a reasonable doubt.

As part of his plea agreement, Garza agreed to waive his "right to appeal the conviction, the sentence imposed, or the manner in which the sentence was determined." The Government contends that Garza's argument is barred by his appeal waiver. Garza argues that the appeal waiver is invalid because the Government breached the plea agreement and thereby rendered his appeal waiver involuntary and unknowing. Specifically, Garza asserts that the enhancements under § 2L1.1(b)(5)(B) and (b)(8)(A) and his charges concerning hostage taking were based on the same conduct and that the Government's presentation of evidence to prove such conduct in support of the enhancements violated its obligation under the plea agreement to dismiss the hostage taking charges.

"To determine whether an appeal of a sentence is barred by an appeal waiver provision in a plea agreement, we conduct a two-step inquiry: (1) whether the waiver was knowing and voluntary and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). Garza's challenge to the appeal waiver is contradicted by the plain language of his plea agreement as well as his statements at rearraignment indicating that he understood and accepted the terms of his plea agreement, including the appeal waiver. The appeal waiver is valid and bars his challenge to the enhancements under § 2L1.1(b)(5)(B) and (b)(8)(A).

APPEAL DISMISSED.