# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 17, 2015

Lyle W. Cayce
Clerk

No. 14-30907
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

YIPING QU, also known as Eric Qu,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CR-120-1

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Yiping Qu, a Chinese citizen residing in the United States, pleaded guilty with the benefit of a plea agreement to conspiracy to knowingly export from the United States defense articles on the United States Munitions List. As part of his plea agreement, Qu knowingly and voluntarily "[w]aive[d] and [gave] up any right to appeal or contest his guilty plea, conviction, sentence,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## No. 14-30907

fine, supervised release, and any restitution imposed by any judge under any applicable restitution statute, including but not limited to any right to appeal . . . any aspect of his sentence." ROA.359. One exception is "the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum." ROA.360.

At sentencing, the district court sentenced Qu to a below-Guidelines prison term of 36 months. The court also imposed a three year term of supervised release, which would be nonreporting if Qu were deported. Relatedly, the court ordered that upon completion of his term of imprisonment, Qu "shall be surrendered to the custody of the United States Immigration and Customs Enforcement [ICE] for removal proceedings," and that he "shall also cooperate in any removal proceedings." ROA.331. Qu did not object to this condition at the sentencing hearing.

Despite his waiver of appeal, Qu timely appealed and now challenges the "cooperation" condition. Qu argues that the district court's special condition that he "cooperate in any removal proceedings initiated or pending by the United States [ICE] consistent with the Immigration and National Act" violates the statutory limitations on the conditions of supervised release because it exceeds the scope of 18 U.S.C. § 3583(d).[1] *See* ROA.331. Specifically, he argues that the cooperation requirement is not reasonably related to his

---

[1] That statute provides that "[i]f an alien defendant is subject to deportation, the court may provide, as a condition of supervised release, that he be deported and remain outside the United States, and may order that he be delivered to a duly authorized immigration official for such deportation." 18 U.S.C. § 3583(d). It also states that a condition on supervised release:

    (1) is reasonably related to the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D);
    (2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D); and
    (3) is consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a).

*Id.*

2

No. 14-30907

crime of commission, is a greater deprivation of liberty than is necessary because the immigration court will determine whether or not he is removable, and constitutes a "condition ordering deportation" in violation of Sentencing Commission policy. He also contends that requiring him to cooperate in any removal proceeding is contrary to the plea agreement's assurance that removal would be subject to a separate proceeding and that the district court thus violated the immigration court's "ability to hear Mr. Qu's speech," which raises both statutory and constitutional issues.

Qu does not dispute that he entered into the plea and waiver knowingly and voluntarily. *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005) ("A defendant may waive his statutory right to appeal his sentence if the waiver is knowing and voluntary."). Instead, he attempts to fit his appeal within the exempted portion of his appellate waiver by arguing that the condition requiring him to cooperate in any removal proceedings exceeded the statutory limits on supervised release conditions.

Terms of supervised release are a part of a sentence. *See United States v. Higgins*, 739 F.3d 733, 738 (5th Cir. 2014) ("[T]he term 'sentence' unambiguously includes [supervised release] and its conditions as a matter of law."); *see also Bond*, 414 F.3d at 544 (considering "whether the waiver applies to the circumstances at hand, based on the plain language of the agreement" to determine whether an appeal is barred by a waiver). Like other aspects of a sentence, a defendant thus can waive appellate review of the conditions of supervised release. *See, e.g.*, *Higgins*, 739 F.3d at 739 (finding appellate waiver barred appeal of condition of supervised release); *United States v. Lamprecht*, 232 F.3d 207, *1 n.5 (5th Cir. 2000) (finding unconvincing defendant's argument that appeal waiver did not cover special conditions of supervised release because supervised release is considered part of the sentence itself (quoting *United States v. Benbrook*, 119 F.3d 338, 341 n.10 (5th Cir. 1997)).

No. 14-30907

We may thus review Qu's supervised release condition requiring cooperation in immigration proceedings only if falls within the exception for a sentence imposed "in excess of the statutory maximum." *See Higgins*, 739 F.3d at 739.

That the term "statutory maximum" generally denotes a period of time seems obvious. *See United States v. Ferguson*, 669 F.3d 756, 766 (6th Cir. 2012) ("The statutory maximum punishment referred to in the plea agreement is most naturally construed to mean the maximum sentence per count."); *see also, e.g.*, *United States v. Cortez*, 413 F.3d 502, 503 (5th Cir. 2005) (providing that "the exception for a sentence imposed above the statutory maximum shall be afforded its natural and ordinary meaning of 'the upper limit of punishment that Congress has legislatively specified for violations of a statute,'" and that a 63-month sentence was below the ten-year statutory maximum (internal citation omitted)); *Bond*, 414 F.3d at 543 ("[P]ost-*Booker* 'statutory maximum' assumes its ordinary definition of the maximum term of imprisonment authorized by the statute of conviction for purposes of the plea agreement."). "Maximum," or its counterpart "minimum," generally refers to something that can be quantified. *See, e.g.*, *Maximum*, Merriam-Webster Online, http://www.merriam-webster.com/dictionary/maximum (last visited June 24, 2015) (defining "maximum" as "the high *number* or *amount* that is possible or allowed" (emphasis added)).

The waiver exception would thus allow Qu to appeal if the district court had sentenced him beyond the five year statutory maximum for his sentence or the three year statutory maximum for his term of supervised release. *See* 18 U.S.C. § 371 (sentence up to five years); 18 U.S.C. § 3583(b)(2) (supervised release up to three years). It did neither.

The condition of supervised release that Qu seeks to challenge, even if it is an unreasonable one, does not exceed a "statutory maximum." *See Ferguson*, 669 F.3d at 766 (rejecting challenge to special condition of supervised release

4

that defendant claimed constituted a sentence exceeding statutory minimum because it required a "strained construction" of appellate waiver and neither sentence nor supervised release exceeded statutory maximum or Guidelines range); *United States v. Stevenson*, 281 F. App'x 85, 86 (3d Cir. 2008) (finding that appeal of condition requiring defendant to submit to search of place of business was barred by waiver of appeal because challenged condition did not exceed statutory maximum); *United States v. Hartshorn*, 163 F. App'x 325, 330 (5th Cir. 2006) (holding that retroactively applying new version of DNA Act authorizing collection of defendant's DNA as a condition of supervised release did not constitute "a sentence in excess of the statutory maximum").

Appellate waivers foreclose challenges to many aspects of a sentence that may be unlawful, such as improper application of sentencing enhancements or substantively unreasonable sentences. *See, e.g.*, *United States v. Rodriguez-Estrada*, 741 F.3d 648, 649 (5th Cir. 2014) (dismissing appeal challenging district court's imposition of 16-level enhancement as barred by plea waiver of appeal); *United States v. Garza*, 571 F. App'x 302, 302–03 (5th Cir. 2014) (same); *United States v. Ramirez*, 575 F. App'x 398, *1 (5th Cir. 2014) (finding that enforceable appeal waiver barred appeal of sentence based on its substantive unreasonableness). So long as those errors do not exceed the statutory maximum, a waiver like the one Qu entered into precludes appellate review. *See Higgins*, 739 F.3d at 739. Challenging the reasonableness of a supervised release condition is no different. We therefore conclude that the issue Qu raises is not one challenging "a sentence imposed in excess of the statutory maximum." *See Ferguson*, 669 F.3d at 766 (rejecting defendant's argument that a condition of supervised release constituted a sentence exceeding the statutory maximum because allowing that sort of challenge under a similar appeal waiver "would potentially render waivers meaningless"

No. 14-30907

(internal citations omitted)).  The knowing and voluntary appellate waiver thus precludes our review.

We nonetheless note that Qu's appeal would not succeed even if we reached its merits.  Because he did not object at the sentencing hearing, our review is limited to plain error.  He thus must show, among other things, that the district court's error was clear or obvious.  *See United States v. Vonn*, 535 U.S. 55, 59 (2002) (holding that a defendant who fails to object to an error at a plea colloquy hearing must satisfy the plain error rule); *Puckett v. United States*, 556 U.S. 129, 135 (2009) (delineating the plain error standard (paraphrasing *United States v. Olano*, 507 U.S. 725 (1993)).

Without deciding whether the district court made any error in imposing the cooperation condition, we can easily conclude that any assumed error was not plain or obvious.  A district court may impose special conditions of supervised release when they meet certain criteria.  Specifically, the condition must be reasonably related to (1) the nature and circumstances of the offense and the history and characteristics of the defendant, (2) the need to afford adequate deterrence to criminal conduct, (3) the need to protect the public from further crimes of the defendant, and (4) the need to provide the defendant with needed [training], medical care, or other correctional treatment in the most effective manner, 18 U.S.C. § 3553(a)(1)–(2); must involve no greater deprivation of liberty than is reasonably necessary to provide adequate deterrence, protection of the public, and provide treatment, *id.*; and must be consistent with the Sentencing Commission's policy statements.  *See* 18 U.S.C. § 3583(d).

Qu contends that the district court's requirement that he cooperate in any removal proceedings violated each of these criteria.  But he cites no case law invalidating a similar condition, which makes it difficult for him to show the district court clearly erred.  *See United States v. Ramos Ceron*, 775 F.3d

222, 226 (5th Cir. 2014) (finding that a defendant cannot demonstrate clear or obvious error in the "absence of case law unequivocally supporting" a position on appeal (citing *United States v. Trejo*, 610 F.3d 308, 319 (5th Cir. 2010) for the proposition that a claim is "doomed for plain error" when it is "novel" and "not entirely clear under the existing case authority")).    Nor is any error obvious without recourse to precedent.    For one thing, Qu's characterization of the condition as one "ordering deportation" is hard to reconcile with the court's acknowledgment that any removal proceedings would be "initiated or pending" by ICE and that Qu might not actually be deported.    *See* ROA.331 (noting that "should [Qu] not be deported for any reason," he would be required to serve a full three-year term of supervised release).    As to the "cooperation" requirement, that could reasonably be read to mean that he not evade removal proceedings and that he comply with the result, not that he waive any defenses he might have in that hearing.    All of this convinces us that Qu has not satisfied his burden of showing plain or obvious error to the extent any error even occurred.

Because we find the appeal waiver was knowing and voluntary and that it precludes Qu's appeal, his appeal is DISMISSED.    *See United States v. Walters*, 732 F.3d 489, 490 (5th Cir. 2013).