# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60313
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 5, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

H. CLAIBORNE FRAZIER,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Mississippi
USDC No. 3:12-CR-141

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

H. Claiborne Frazier pleaded guilty, pursuant to a plea agreement containing an appeal waiver, to conspiracy to commit bank fraud, mail fraud, and wire fraud and was sentenced to 60 months of imprisonment, to be followed by three years of supervised release. He was also ordered to pay $8,540,596 in restitution. Frazier now appeals. He argues that the Government breached the plea agreement by advocating for the inclusion of relevant conduct in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determining his offense level; therefore, Frazier argues that he should have been allowed to withdraw his guilty plea.

Frazier may raise an argument that the Government breached the plea agreement despite the waiver provision. *See United States v. Keresztury*, 293 F.3d 750, 756-57 (5th Cir. 2002) (holding that when the Government has breached a plea agreement, the defendant is necessarily released from any appeal waiver provision contained therein).  Whether the Government's conduct violated the terms of the plea agreement is a question of law, which we review de novo. *United States v. Saling*, 205 F.3d 764, 766 (5th Cir. 2000).

In determining whether the terms of a plea bargain agreement have been violated, we assess whether the Government's conduct is consistent with the parties' reasonable understanding of the agreement.  *United States v. Gonzalez*, 309 F.3d 882, 886 (5th Cir. 2002).  If the Government breached the plea agreement, the defendant may seek one of two remedies: (1) withdrawal of his guilty plea or (2) specific performance of the plea agreement, which would require resentencing by a new judge. *Id.*

The record reflects that the terms of the plea agreement were clear.  The Government agreed to limit the overt acts included in the factual basis but there was no restraint on the consideration of relevant conduct for sentencing purposes.  The plea agreement specifically stated that relevant conduct would be considered.  The plea agreement also stated that Frazier was "liable to make restitution for the full amount of the loss determined by the Court, to include relevant conduct, which amount is not limited to the count of conviction." Additionally, at rearraignment, the district court informed Frazier of the inclusion of relevant conduct for sentencing purposes.  The Government did not breach the plea agreement by supporting enhancements based on relevant conduct, and Frazier was not entitled to withdraw his guilty plea.  *See*

No. 14-60313

*Gonzalez*, 309 F.3d at 886; *see also United States v. Hoster*, 988 F.2d 1374, 1378 (5th Cir. 1993) (holding that the Government did not breach its agreement not to prosecute the defendant for additional offenses when presentence report included uncharged drugs as offense conduct).

Frazier also contends that the amount of restitution ordered by the court was not based on sufficient evidence. He argues that the Government failed to prove the amounts awarded and failed to establish that Frazier was part of the relevant conduct considered in determining the restitution amount. The Government argues that this argument is barred by Frazier's valid appeal waiver. Frazier argues that the appeal waiver does not bar his challenge to the restitution order because an award of restitution based on insufficient evidence results in a sentence above the statutory maximum. Because the record shows that a potential restitution order was discussed at rearraignment and at sentencing and because the plea agreement defined "Sentence" to include restitution, the appeal waiver bars Frazier's challenge to the amount of the restitution order. *See United States v. Keele*, 755 F.3d 752, 755-56 (5th Cir. 2014).

Additionally, Frazier did not specifically reserve the right to appeal a sentence exceeding the statutory maximum. Issues waived in a valid and enforceable waiver need not be considered on direct appeal. *United States v. Bond*, 414 F.3d 542, 546 (5th Cir. 2005).

Even if we were to apply an exception to Frazier's appeal waiver to allow a challenge to a sentence exceeding the statutory maximum, his arguments do not fall within such an exception. "The [Mandatory Victims Restitution Act] MVRA does not permit restitution awards to exceed a victim's loss." *United States v. Beydoun*, 469 F.3d 102, 107 (5th Cir. 2006). Frazier's argument that he was not responsible for certain restitution amounts because the

No. 14-60313

Government did not adequately prove that he jointly undertook the actions in the conspiracy is not a challenge to the sentence exceeding the statutory maximum because this argument does not contend that the amount awarded exceeds the victim's losses. *See United States v. Sharma*, 703 F.3d 318, 322 (5th Cir. 2012) ("An award of restitution greater than a victim's actual loss exceeds the MVRA's statutory maximum."). Because the statute does not provide that offsets may be used in determining the amount of actual loss, Frazier's argument that the district court failed to consider evidence of payments made to the victims in the form of settlements and other repayments does not constitute a challenge to a sentence in excess of the statutory maximum. *See* 18 U.S.C. § 3664(f)(1)(B); *Sharma*, 703 F.3d at 322. Accordingly, Frazier's knowing and voluntary appeal waiver bars his challenge to the restitution order. *See Keele*, 755 F.3d at 755-56.

The judgment of the district court is AFFIRMED.