# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30596
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 5, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ESMIN ESPINOZA-ERAZO, also known as Felix Manuel Serrano Robles,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CR-231-1

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:[*]

Esmin Espinoza-Erazo, a Honduran national, pleaded guilty to illegal use of a social security number, in violation of 42 U.S.C. § 408(a)(7)(B). The presentence report (PSR) assigned Espinoza-Erazo a total offense level of ten and a criminal history category of I, which yielded a guidelines range of six to twelve months. The PSR identified no factors that might warrant a departure or variance, although it stated that Espinoza-Erazo "was previously subject to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

an administrative deportation" and suggested that he should be required to cooperate in any removal proceeding as a special condition of supervised release. At sentencing, the district court adopted the PSR without objection. Espinoza-Erazo asked for a sentence within the guidelines range, and noted that his two co-defendants had been sentenced to time served. The district court upwardly varied from the guidelines range and sentenced Espinoza-Erazo to a term of imprisonment of twenty-seven months to be followed by three years of supervised release. The district court also imposed a $2,500 fine and a special condition of supervised release requiring Espinoza-Erazo, who was in the United States unlawfully, to cooperate in any future removal proceedings. On appeal, Espinoza-Erazo challenges the substantive reasonableness of the sentence and fine imposed and the lawfulness of the cooperation condition.

Following *United States v. Booker*, 543 U.S. 220 (2005), we review sentences for reasonableness. *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009). Reasonableness review is bifurcated; if a review of the sentence for procedural error reveals none or, as here, no claim of procedural error is asserted, the appellate court then determines whether the sentence is substantively reasonable. *Gall v. United States*, 552 U.S. 38, 51 (2007). If error has been preserved, an appellate court reviewing for reasonableness "merely asks whether the trial court abused its discretion." *Rita v. United States*, 551 U.S. 338, 351 (2007). Challenges to the conditions of supervised release are also reviewed for abuse of discretion. *United States v. Duke*, 788 F.3d 392, 398 (5th Cir. 2015); *United States v. Ellis*, 720 F.3d 220, 224 (5th Cir. 2013). Sentences within the properly calculated guidelines range are afforded a presumption of reasonableness, *United States v. Pacheco-Alvarado*, 782 F.3d 213, 221 (5th Cir. 2015), while sentences imposed outside of the properly calculated guidelines range are not, *Gall*, 552 U.S. at 51.

Substantive reasonableness is determined in light of the 18 U.S.C. § 3553(a) sentencing factors. *Id.* at 49–50.

Although Espinoza-Erazo argues that the sentence imposed creates unwarranted sentencing disparities with his co-defendants and fails to accord sufficient weight to the guidelines and § 3553(a) factors, the record reflects otherwise. The district court did not abuse its discretion by considering Espinoza-Erazo's uncharged immigration offense when assessing whether the guidelines range is sufficient in light of the § 3553(a) factors. *See, e.g.*, *United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006). In addition, the within-guidelines fine was conditioned on Espinoza-Erazo being able to work in prison and being within the United States. This court has upheld the imposition of similar fines. *See Pacheco-Alvarado*, 782 F.3d at 216–17. The district court did not fail to account for a factor that should have received significant weight, give weight to an improper or irrelevant factor, or clearly err in balancing the § 3553(a) factors. *See United States v. Smith*, 440 F.3d 704, 709 (5th Cir. 2006). In addition, Espinoza-Erazo, given his prior deportation, was not similarly situated to his co-defendants. *Id.* We defer to the district court's determination that the § 3553(a) factors, on balance, justify the extent of the upward variance imposed. *United States v. Chandler*, 732 F.3d 434, 437–38 (5th Cir. 2013) (citing *United States v. Broussard*, 669 F.3d 537, 551 (5th Cir. 2012)).

Turning to the cooperation condition, Espinoza-Erazo challenged it in the district court only "to the extent that it impinges on his right to litigate any matter that he can or should in immigration [c]ourt." "A district court has wide discretion in imposing terms and conditions of supervised release." *United States v. Paul*, 274 F.3d 155, 164 (5th Cir. 2001). However, the conditions must be "reasonably related to the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D)"; "involve[] no greater deprivation

of liberty than is reasonably necessary for the purposes set forth in section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D)"; and be consistent with the policy statements issued by the Sentencing Commission.  18 U.S.C. § 3583(d).

Although the cooperation condition conceivably could be construed in a manner that would limit Espinoza-Erazo's rights and defenses in removal proceedings, it may also be construed to require only that he "not evade removal proceedings and that he comply with the result, not that he waive any defenses he might have in that hearing." *United States v. Qu*, 618 F. App'x 777, 781 (5th Cir. 2015).  To the extent the condition could be interpreted to impinge Espinoza-Erazo's right to litigate in immigration court and involve a greater deprivation of liberty than is reasonably necessary, it is within the authority of this court to interpret the conditions to exclude such an interference.  *See Paul*, 274 F.3d at 166.  Construed in that way, Espinoza-Erazo has not shown that the district court abused its discretion.

Any remaining arguments unrelated to the argument that the cooperation condition limits his rights and defenses are subject to plain error review because they were not specifically raised below.  *United States v. Wooley*, 740 F.3d 359, 367 (5th Cir. 2014); *United States v. Kippers*, 685 F.3d 491, 497 (5th Cir. 2012).  Here, Espinoza-Erazo cannot establish clear or obvious error given the absence of any authority to support his arguments.  *See Qu*, 618 F. App'x at 781.

AFFIRMED.