# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 5, 2022

Lyle W. Cayce
Clerk

No. 21-11237

United States of America,

*Plaintiff—Appellee*,

*versus*

LaTodd Detray Alexander,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CR-78-1

Before Smith, Clement, and Haynes, *Circuit Judges*.

Per Curiam:*

LaTodd Detray Alexander pleaded guilty to one count of producing child pornography. As part of his plea agreement, he waived the right to appeal his sentence so long as it did not constitute a punishment in excess of the statutory maximum.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-11237

Alexander challenges a condition of his supervised release, arguing that it exceeds the limitations to supervised release conditions provided by 18 U.S.C. § 3583 and thus constitutes a punishment in excess of the statutory maximum. We disagree and DISMISS Alexander's appeal as waived.

## I.

A federal grand jury indicted Alexander with one count of producing child pornography, in violation of 18 U.S.C. § 2251(a) and (e), and one count of receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2). Alexander pleaded guilty to the production count in exchange for the Government's dismissal of the receipt count. He also waived the right to appeal his conviction and sentence. But he reserved the right to appeal his sentence to the extent that it exceeded the statutory maximum punishment.

The Probation Office recommended that the district court impose several conditions of supervised release, one of which was[1]:

> You must comply with the requirements of the Sex Offender Registration and Notification Act [(SORNA)] (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense.

---

[1] Alexander also appeals another condition of his supervised release, which requires him to participate in certain sex offender treatment services. The basis of his challenge to that condition is that it potentially subjects him to a penile plethysmograph, which he argues is repugnant, overly restrictive, and unconstitutional.

Whatever the merits of his position, Alexander concedes in his brief that appeal of this issue is foreclosed under *United States v. Ellis*, 720 F.3d 220, 227 (5th Cir. 2013) (per curiam). The Government agrees. So, we do not address the issue further.

No. 21-11237

Alexander objected and asked the district court to strike the portion beginning with "as directed," on the ground that it impermissibly allows three separate officials to alter his sex-offender registration requirements. The district court overruled his objection and sentenced him to 286 months of imprisonment followed by a 15-year term of supervised release. The district court imposed the challenged SORNA condition as part of Alexander's supervised release. Alexander timely appealed.

## II.

We review "properly preserved objections to the imposition of conditions of supervised release for an abuse of discretion." *United States v. Salazar*, 743 F.3d 445, 448 (5th Cir. 2014). We review "de novo whether an appeal waiver bars an appeal." *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014).

## III.

The question on appeal is whether the district court abused its discretion by requiring Alexander, as a condition of his supervised release, to comply with SORNA "as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where [he] reside[s], work[s], [is] a student, or w[as] convicted of a qualifying offense."

The Government's position is that Alexander waived his right to appeal the SORNA condition. It argues that the SORNA condition does not run afoul of the statutory limitations to supervised release conditions and thus does not exceed the statutory maximum punishment.[2]

---

[2] Alternatively, the Government argues that we need not even decide whether the SORNA condition violates § 3583(d)'s limitations. That is so, the Government explains, because we have interpreted "statutory maximum sentence" to refer only to the duration

Alexander argues—as he must to avoid waiver—that the SORNA condition exceeds the statutory maximum punishment because it requires more of him than § 3583(d) requires. Whereas § 3583(d) requires the district court to order only that Alexander comply with SORNA, here the district court required him to comply with SORNA "as directed by" three separate authorities. And *that addition*, he submits, impermissibly "allows three separate authorities to compel [his] sex offender registration," thereby causing a greater deprivation of liberty than necessary to fulfill the purposes of 18 U.S.C. § 3553(a).

We agree with the Government. "An appeal waiver bars an appeal if the waiver (1) was knowing and voluntary and (2) applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Higgins*, 739 F.3d 733, 736 (5th Cir. 2014). It is undisputed that Alexander's appeal waiver was knowing and voluntary. Thus, Alexander is bound by the plea agreement provided that the appeal waiver applies to the challenged SORNA condition. *Higgins*, 739 F.3d at 737.

It does. Conditions of supervised release are part of criminal sentences. *Id.* at 738. And the SORNA condition plainly does not exceed the statutory maximum punishment.

---

of the challenged sentence. *See United States v. Yiping Qu*, 618 F. App'x 777, 779–80 (5th Cir. 2015) (per curiam) (unpublished). Thus, conditions of supervised release that do not impose a term of supervision that is longer in duration than what the applicable statute allows are not punishments in excess of the statutory maximum. *See id.* For the reasons set forth, *infra*, we need not address this issue.

Section 3583(d) gives the sentencing court discretion to "order, as a further condition of supervised release," any condition it deems appropriate, so long as it:

(1)    is reasonably related to the factors set forth in [§] 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D);

(2)    involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in [§] 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D); and

(3)    is consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(a)[.]

The SORNA condition satisfies all three requirements.

## A.

For starters, the SORNA condition "adequate[ly] deter[s] [] criminal conduct" and "protect[s] the public from further crimes of the defendant" by helping to ensure that those who must comply with SORNA do so wherever they are so required.[3] 18 U.S.C. § 3553(a)(2)(B), (C); *United States v. Whaley*, 577 F.3d 254, 259 (5th Cir. 2009) ("SORNA's purpose is to protect the public from sex offenders and offenders against children by establish[ing] a comprehensive national system for the registration of those offenders," and its focus is "on the problem of sex offenders escaping their registration requirements through interstate travel." (cleaned up)). In other words, it requires Alexander to comply with the applicable law wherever he goes. *Id.*

---

[3] Alexander does not address § 3553(a)(1) or (a)(2)(D), so any arguments as to those factors are waived. *See, e.g.*, *United States v. Scroggins*, 599 F.3d 433, 446–47 (5th Cir. 2010).

No. 21-11237

The SORNA condition clearly bears a reasonable relation to the factors laid out in § 3553(a)(2)(B) and (C). *See* 18 U.S.C. § 3583(d)(1). Alexander does not advance any legitimate argument to the contrary.

B.

The SORNA condition is not more restrictive than necessary. 18 U.S.C. § 3583(d)(2). The feature of the SORNA condition that Alexander challenges is the "as directed" clause. But the "as directed" clause does not itself impose any deprivation of liberty at all because it does not alter Alexander's substantive registration obligations. It simply sets out who may issue him instructions related to his compliance with SORNA.

Alexander does not cite to any authority—controlling or otherwise—supporting his position. The one case that he relies on is inapposite. *See United States v. Compian*, 732 F. App'x 270 (5th Cir. 2018) (per curiam).

In *Compian*, the defendant challenged a condition of his supervised release that required him to register as a sex offender in Texas. *Id.* at 272. Observing that "registration [] is a greater deprivation of liberty than reasonably necessary . . . *if* the law does not otherwise require registration," we remanded to the district court to amend the condition to provide that registration would be required only "to the extent required by state law." *Id.* at 274 (emphasis added).

That is not our case. The problem with the condition in *Compian* was that it imposed a substantive registration obligation on the defendant that was not necessarily required of him under Texas law. That problem is obviously not present here. Again, the "as directed" clause does not impose any substantive registration obligations; it just delegates to the listed authorities the ministerial task of telling Alexander how and where to register properly.

6

No. 21-11237

Persuasive authority from at least two of our sister circuits counsels in favor of adopting the Government's position. In *Dailey*, the Ninth Circuit rejected a similar challenge to this same supervised release condition. *See Dailey*, 941 F.3d at 1194–95. And the Second Circuit recently rejected a challenge to a similar condition. *United States v. Thomas*, 827 F. App'x 72, 76 (2d Cir. 2020) (per curiam) (unpublished).

We conclude that the SORNA condition does not impose a greater deprivation of liberty than necessary. *See* 18 U.S.C. § 3583(d)(2).

C.

Finally, there are no inconsistencies between the SORNA condition and the Sentencing Commission's policy statements. *See* 18 U.S.C. § 3583(d)(3). Alexander's perfunctory argument to the contrary—that there is "no indication that the [Sentencing] Commission would countenance a registration obligation beyond SORNA"—suffers the same flaw as his other arguments. Namely, it relies on the incorrect notion that the challenged condition imposes "registration obligation[s] beyond SORNA." The condition does no such thing.

IV.

In sum, the SORNA condition does not constitute a punishment in excess of the statutory maximum because it does not violate the statutory limitations on supervised release conditions set forth in § 3583(d). *Higgins*, 739 F.3d at 739. The waiver applies and bars this appeal.

DISMISSED.