# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 3, 2024

Lyle W. Cayce
Clerk

No. 23-30844

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

GREGORY ST. ANGELO,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:19-CR-55-1

_____

Before SMITH, STEWART, and DUNCAN, *Circuit Judges*.

PER CURIAM:[*]

Appearing *pro se*, Gregory St. Angelo appeals the restitution imposed on his guilty-plea conviction of conspiracy to commit bank fraud in relation to First NBC Bank. The restitution award directs St. Angelo to pay $56,174,549.12: $44,127,088.47 to the FDIC and, after the FDIC is paid, $12,047,460.65 to SBN V FNBC LLC ("SBN"). That award is governed by the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-30844

St. Angelo's plea agreement contains an appeal-waiver provision, but he specifically retained "the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum." Because St. Angelo has waived all the claims that he raises, we dismiss the appeal.

## I.

"This court reviews *de novo* whether an appeal waiver bars an appeal." *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014) (cleaned up). We follow the two-step inquiry of *United States v. Bond* to determine whether an appeal waiver precludes an appeal: We consider "(1) whether the waiver was knowing and voluntary and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement." 414 F.3d 542, 544 (5th Cir. 2005) (citing *United States v. McKinney*, 406 F.3d 744, 746–47 (5th Cir. 2005)). "In determining whether a waiver applies, this court employs ordinary principles of contract interpretation, construing waivers narrowly and against the Government." *Keele*, 755 F.3d at 754 (citation omitted).

## II.

St. Angelo does not dispute that his appeal waiver was knowing and voluntary, so the only question is whether the waiver applies to his issues on appeal. The plea agreement states that St. Angelo "[w]aives and gives up any right to appeal or contest his guilty plea, conviction, sentence, fine, supervised release, and any restitution imposed by any judge under any applicable restitution statute." It also states, however, that "[t]he Defendant specifically does not waive, and retains the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum."

The issue is whether any of St. Angelo's claims fall under the "in excess of the statutory maximum" exception. In *Bond*, we held that the term "statutory maximum" means "the upper limit of punishment that Congress

2

has legislatively specified for violation of a statute." 414 F.3d at 545 (quotation and citation omitted). Under *Bond*, St. Angelo has waived each of the four claims before us.

## A.

First, St. Angelo contends that the district court erred by ordering restitution for losses that he did not proximately cause.[1] That challenge does not fall within the "statutory maximum" exception to St. Angelo's appeal.

In *United States v. Winchel*, 896 F.3d 387, 389 (5th Cir. 2018), we held that when restitution is ordered "without determining that the defendant's conduct proximately caused the victim's claimed losses, the amount of restitution necessarily exceeds the statutory maximum."[2] It is uncertain whether that holding is reconcilable with *Bond*, which unambiguously established that a sentence can be unlawful without exceeding the statutory maximum.[3] And under the rule of orderliness, *Bond* came first and thus prevails over *Winchel* to the extent those decisions conflict. *Soc'y of Separationists, Inc. v. Herman*, 939 F.2d 1207, 1211 (5th Cir. 1991).

We need not decide, however, whether *Winchel* conflicts with *Bond* because *Winchel* does not control this case. In *United States v. Alfred*, 60 F.4th 979 (5th Cir. 2023), we clarified that *Winchel* applies only where the

---

[1] *See United States v. Sharma*, 703 F.3d 318, 322 (5th Cir. 2012) ("The MVRA authorizes restitution to a victim 'directly and proximately harmed' by a defendant's offense of conviction.") (citation omitted).

[2] *Winchel* involved a different restitution statute, 18 U.S.C. § 2259, but that difference is not relevant to our analysis because the statute here also contains a proximate-cause requirement. *See Sharma*, 703 F.3d at 322.

[3] *See Bond*, 414 F.3d at 545; *see also United States v. Yiping Qu*, 618 F. App'x 777, 780 (5th Cir. 2015) ("Appellate waivers foreclose challenges to many aspects of a sentence that may be unlawful[.]") (citing cases).

district court "failed to conduct the requisite [proximate-cause] analysis altogether."[4]  Here, the record demonstrates that the district court performed at least *some* proximate-cause analysis.  Thus, St. Angelo's appeal waiver plainly bars him from challenging "the outcome of that analysis." *Id.* at 982.

## B.

Second, St. Angelo avers that the district court improperly set the restitution award to reflect intended rather than actual loss.  That challenge is barred by the appeal waiver for the same reason as the first.  As with proximate cause, the district court considered the extent of actual loss.  Accordingly, St. Angelo has waived his right to contest the methodology or outcome of the district court's decision. *See Alfred*, 60 F.4th at 982; *West*, 99 F.4th at 780.  Our precedents do not permit St. Angelo to shoehorn such a challenge into a "statutory maximum" exception.

## C.

Third, St. Angelo asserts that the restitution order failed to apply certain credits.  That claim merely alleges a calculation error, so it cannot be a violation of a "statutory maximum."[5]  And in any event, the district court considered the issue of credits, so the challenge is also waived under *Alfred* and *West*. *See Alfred*, 60 F.4th at 982; *West*, 99 F.4th at 780.  St. Angelo's appeal waiver plainly bars his claim.

––––––––––––––––––––––––––

[4] 60 F.4th at 982. *See also United States v. West*, 99 F.4th 775, 780 (5th Cir. 2024) (same).

[5] *See United States v. Frazier*, 644 F. App'x 362, 364 (5th Cir. 2016) (holding that argument that the district court failed to apply offsets to restitution award did not qualify as a statutory-maximum challenge).

D.

Finally, St. Angelo contends that the district court erroneously ordered restitution to SBN as a non-victim of his offense. It is not necessary to decide whether the appeal waiver covers that claim because St. Angelo's counsel intentionally waived it at sentencing.

When the government explained that the restitution order should direct part of the award to SBN, defense counsel responded, "That will make it satisfactory with us, Your Honor." ROA.280–82. That constitutes "an intentional relinquishment or abandonment of any right" to challenge the structure of the award as it relates to SBN. *United States v. Cabello*, 33 F.4th 281, 295 (5th Cir. 2022) (cleaned up). That claim is waived.

\*　　\*　　\*

Despite knowingly and voluntarily waiving his right to appeal the restitution order, St. Angelo now tries to shoehorn complaints about the district court's analysis into the "statutory maximum" exception to his waiver. But "[w]e long ago rejected such an attempt to use the statutory-maximum boilerplate as an appeal-authorizing escape hatch." *United States v. Meredith*, 52 F.4th 984, 987 (5th Cir. 2022) (citing *Bond*, 414 F.3d at 545–46). Accordingly, the appeal is DISMISSED.