# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 26, 2026

Lyle W. Cayce
Clerk

————————

No. 25-10690

————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Jamie Hackney,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:25-CR-17-1

———————————————————————

Before Higginbotham, Smith, and Oldham, *Circuit Judges*.

Jerry E. Smith, *Circuit Judge*:

Jamie Hackney pleaded guilty of production and transportation of child pornography. He waived his right to appeal but reserved the ability to appeal "a sentence exceeding the statutory maximum punishment." The district court sentenced him to 50 years of imprisonment and 15 years of supervised release ("SR") conditioned on his having no contact with minors and his reporting financial information to his probation officer.

Hackney appeals his sentence, asserting that the conditions of SR conflict with the reasonableness requirements of 18 U.S.C. § 3583(d).

No. 25-10690

Because "maximum punishment" includes only the quantitative elements of a sentence, the exception does not cover an appeal based on § 3583(d). We dismiss the appeal.

I.

Hackney pleaded guilty of production of child pornography in violation of 18 U.S.C. § 2251(a) and (e) and transportation of child pornography in violation of 18 U.S.C. § 2252A(a)(1) and (b)(1). Per the plea agreement, Hackney waived the right to appeal his conviction and sentence but reserved the right, *inter alia*, to appeal "a sentence exceeding the statutory maximum punishment[.]"

The presentence report ("PSR") recommended an advisory guidelines range of 360 to 600 months of imprisonment and a life term of SR. The PSR also identified applicable conditions of SR:

> 2. The defendant shall have no contact with minors under the age of 18, including by correspondence, telephone, internet, electronic communication, or communication through third parties. The defendant shall not have access to or loiter near school grounds, parks, arcades, playgrounds, amusement parks or other places where children may frequently congregate, except as may be allowed upon advance approval by the probation officer.
>
> . . .
>
> 11. The defendant shall provide to the probation officer complete access to all business and personal financial information.

The district court adopted the conditions in the PSR and sentenced Hackney to 50 years of imprisonment and 15 years of SR. Hackney did not object in the district court.

Hackney raises two issues on appeal: (1) "Whether the district court plainly and reversibly erred when it forbade Hackney from having any contact

2

with minors without exception during his [SR]" and (2) "[w]hether the district court plainly and reversibly erred when it required Hackney to provide his supervising probation officer with complete access to all business and personal financial information while on [SR]."

## II.

"This court reviews de novo whether an appeal waiver bars an appeal." *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014) (citing *United States v. Baymon,* 312 F.3d 725, 727 (5th Cir. 2002)). "To determine whether an appeal of a sentence is barred by an appeal waiver provision in a plea agreement, we conduct a two-step inquiry: (1) whether the waiver was knowing and voluntary and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005) (citing *United States* v. *McKinney,* 406 F.3d 744, 746–47 (5th Cir. 2005)).

Hackney does not contest that the waiver was knowing and voluntary, nor does he dispute that the plain language of the plea agreement generally waives his right to appeal his "sentence," a term that "unambiguously includes [SR] and its conditions as a matter of law." *United States v. Higgins*, 739 F.3d 733, 738 (5th Cir. 2014) (citation modified). Instead, Hackney contends that the waiver does not apply because his claims fall within an exception for appeals of "a sentence in excess of the statutory maximum punishment[.]" According to Hackey, because his SR conditions do not conform to the reasonableness requirements in § 3583(d),[1] his sentence "exceeds the

---

[1] Section 3583(d) requires that a condition of SR (1) be "reasonably related" to certain enumerated statutory factors in § 3553, (2) "involve[] no greater deprivation of liberty than is reasonably necessary" to achieve an enumerated statutory factor, and (3) be "consistent with any pertinent policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3583(d).

statutory maximum punishment."

In *Bond*, we determined the ordinary meaning of "statutory maximum" in the appellate-waiver context. Bond contended that he was sentenced based on facts not found by a jury beyond a reasonable doubt, in violation of *United States v. Booker*, 543 U.S. 220 (2005). Bond signed an appeal waiver but reserved the right to appeal "any punishment imposed in excess of the statutory maximum[.]" *Id*. We held that "statutory maximum" means "the upper limit of punishment that Congress has legislatively specified for violation of a statute." *Bond*, 414 F.3d at 545 (citation omitted). Because Bond was sentenced to 24 months, and the statutory maximum was 15 years, we held that his sentence, even if violative of *Booker*, was not "in excess of the statutory maximum," so any objection was waived. *Id*. at 546.

In *United States v. Yiping Qu*, 618 F. App'x 777 (5th Cir. 2015) (per curiam), applying *Bond*, we held that SR conditions that violate § 3583(d) are not "in excess of the statutory maximum punishment" for appeal-waiver purposes. "That the term 'statutory maximum' generally denotes a period of time seems obvious." *Id*. at 779 (citation omitted). "'Maximum,' or its counterpart 'minimum,' generally refers to something that can be quantified." *Id*. (citing *Maximum,* Merriam–Webster Online, http://www.merriam-webster.com/dictionary/maximum). But a § 3583(d) challenge does not target the quantitative or temporal element of an SR sentence, but instead the *qualitative* conditions attached.[2] *See* 18 U.S.C. § 3583(d). Appeals based on § 3583(d) therefore do not challenge "a sen-

---

[2] We have applied the quantitative approach to "statutory maximum" in a wide array of contexts: unreasonable SR conditions, cruel and unusual punishment, a district court's treating the sentencing guidelines as mandatory, and a sentence based on clearly erroneous facts, among others. *See United States v. West*, 138 F.4th 357, 366–68 (5th Cir. 2025) (Oldham, J., dissenting from denial of rehearing en banc).

tence imposed in excess of the statutory maximum." *Yiping Qu*, 618 F. App'x at 780 (citation omitted).

Hackney contends that *Yiping Qu* conflicts with the prior opinion in *Higgins* and thus violates the rule of orderliness. According to Hackney, *Higgins* held that SR conditions that violate § 3583(d) constitute "punishment in excess of the statutory maximum." Not so. *Higgins* held only that the defendant had not advanced any theory that his appeal fell within the statutory-maximum exception. 739 F.3d at 739. At most, *Higgins* is silent on what constitutes "punishment in excess of the statutory maximum." Further, Hackney's faulty reading of *Higgins* has rule-of-orderliness issues itself, as it places *Higgins* in contrast with prior-issued *Bond*.

\* \* \* \* \*

An appeal of conditions of supervised release based on § 3583(d) does not constitute an appeal of "a sentence exceeding the statutory maximum punishment." Because Hackney waived his right to appeal those conditions, his appeal is DISMISSED.